Jones Lang LaSalle Brokerage, Inc. v Epix Entertainment LLC (2020 NY Slip Op 02713)





Jones Lang LaSalle Brokerage, Inc. v Epix Entertainment LLC


2020 NY Slip Op 02713


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11473 650917/18

[*1] Jones Lang LaSalle Brokerage, Inc., Plaintiff-Respondent,
v
Epix Entertainment LLC formerly known as Studio 3 Partners LLC, et al., Defendants-Appellants.


Jenner & Block LLP, New York (Andrew H. Bart of counsel), for appellants.
Cozen O'Connor, New York (Jesse Ryan Loffler of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about September 10, 2019, which denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's motion for summary judgment declaring, upon the first cause of action, that the intended date of the broker's services agreement is May 1, 2017 and the intended term May 1, 2017 through May 1, 2018, and on the cause of action for reformation of the contract, unanimously modified, on the law, to deny plaintiff's motion and grant defendants' motion as to the causes of action for a declaration and reformation of the contract, and to declare that the effective date of the one-year broker's agreement is May 1, 2016, as written, and otherwise affirmed, without costs.
Plaintiff failed to demonstrate by clear and convincing evidence that the commencement date of the brokerage services agreement was the product either of a mutual mistake or of a unilateral mistake induced by fraud (see Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 470 [1st Dept 2017]). The record shows that the agreement underwent multiple revisions by both parties, including revisions that plaintiff made to the language in the lead paragraph, which contained the inserted May 1, 2016 effective date, without disturbing the date. In addition, an uncontradicted internal email exchanged between defendants' senior representatives on May 24, 2017, well before the date of the execution of the agreement, explicitly states that defendants intentionally back-dated the proposed agreement to May 1, 2016.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK